# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RUDOLFO ESPINOZA, #13655**                                        **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 2:18-CV-32-KS-MTP**

**ABUMER AKINWALE**                                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant's Motion for Summary Judgment [34]. The Court will enter a Final Judgment consistent with this opinion.

## I. BACKGROUND

Plaintiff is a prisoner in South Mississippi Correctional Institute. On February 26, 2018, he filed this lawsuit, alleging that, on or about May 20, 2016, Dr. Abumer Akinwale injected medicine in his right eye which caused him to lose all sight in it. Complaint [1], at 4.

The Court set an Omnibus Hearing for September 20, 2018, clearly setting out the purposes of the hearing and providing specific, detailed instructions for the parties. Order Setting Omnibus Hearing [20].

On September 4, 2018, Plaintiff requested additional time to respond to Defendant's Answer and represented that he was seeking representation. Request for Extension of Time [22], at 1. The Court denied the motion, noting that the Rules do not require a responsive pleading to an answer. Order [24]. The Court also advised Plaintiff that he should not delay in seeking representation because the case would

proceed to disposition.

On September 20, 2018, the Court had Plaintiff transported to the courthouse and was prepared to conduct an Omnibus Hearing, but Plaintiff alleged for the first time that he needed a translator, despite having written and filed numerous motions and pleadings in English. In an abundance of caution, the Court reset the Omnibus Hearing for October 16, 2018, at 1:30 p.m. Order Setting Omnibus Hearing [26]. Again, the Court clearly explained the purposes of the hearing and provided specific, detailed instructions to the parties.

On the day of the rescheduled Omnibus Hearing – in fact, nine minutes after the hearing had begun – attorney Michael W. Crosby filed a Notice of "Conditional" Appearance on behalf of Plaintiff. Notice of Appearance [30]. Crosby did not appear at the hearing, contact the Magistrate Judge's chambers by e-mail or phone to request a continuance, provide prior notice that he had been retained. Rather, Crosby asked in his Notice of Appearance [30] – again, filed after the hearing had already begun – that the Court reset the hearing. The Court did not know that Crosby had entered an appearance until after the hearing had completed.[1] Accordingly, the Court conducted the Omnibus Hearing as scheduled. Plaintiff and the interpreter were sworn, and the Court screened Plaintiff's claims.

On October 17, 2018, the Court entered an Omnibus Order [31] providing the

---

[1] In Plaintiff's latest filing [41], he repeatedly asserts that the Court knew he had retained Crosby and yet held the Omnibus hearing without his counsel present. This is false. As noted above, Crosby did not enter an appearance until the hearing had already begun, and the Court did not know the notice had been filed until the omnibus hearing had finished.

details of Plaintiff's testimony. Plaintiff alleged that Defendant injected medicine into his right eye, that the injection caused him to go blind in that eye, and that Defendant later told him that she had used the "wrong" medicine. Plaintiff was unsure of the year he received the injection, but he believed it could have been in 2015 or 2016.

At the hearing, the Court questioned Plaintiff about a previous lawsuit he filed in this Court, *Espinoza v. Banks*, No. 1:17-CV-208-JCG. In that case, Plaintiff alleged that he fell down in a prison transport van and injured his right eye, causing him to go blind in that eye. Plaintiff claimed that the pleadings in the previous lawsuit had been prepared by someone else and that the allegations were a mistake.

The Magistrate Judge described Plaintiff's claims. First, Plaintiff claims that Defendant is a state actor, and that she violated his constitutional right to be free from cruel and unusual punishment, proceeding under 42 U.S.C. § 1983. Second, Plaintiff asserts a medical malpractice claim against Defendant under Mississippi law.

On October 23, 2018, Defendant filed her Motion for Summary Judgment [34]. On November 6, 2018, Plaintiff's attorney – Michael Crosby – filed a Motion for Extension of Time [36] to respond to the motion. The Court granted the motion in a Text Order entered November 7, 2018. But Plaintiff never responded to the motion, and it is ripe for review.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

First, Defendant argues that, assuming she is a state actor, Plaintiff's allegations and testimony at the Omnibus Hearing are not sufficient to demonstrate

4

deliberate indifference. "Prison officials violate the Eighth Amendment's ban on cruel and unusual punishment when they show deliberate indifference to an inmate's serious medical needs." *Grogan v. Kumar*, 873 F.3d 273, 277 (5th Cir. 2017). "An official is deliberately indifferent if he knows that the inmate faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 277-78. "[A] showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* at 278.

Plaintiff's testimony at the Omnibus Hearing was that Defendant mistakenly gave him the "wrong" medication. He does not claim that she intentionally treated him incorrectly. "Mere negligence does not constitute deliberate indifference," *id.*, and the Fifth Circuit has specifically held that negligently providing the wrong medication does not constitute deliberate indifference. *See Green v. Ross*, 398 F. App'x 2, 4 (5th Cir. 2010); *Nunley v. Mills*, 217 F. App'x 322, 323 (5th Cir. 2007). Therefore, the Court finds that Plaintiff's testimony is insufficient to establish deliberate indifference, and his Section 1983 claim fails.

Next, Defendant argues that Plaintiff's medical malpractice claim is time-barred. A two-year statute of limitations applies to medical malpractice claims under Mississippi law. MISS. CODE ANN. § 15-1-36(1). Defendant provided undisputed evidence that she provided the subject treatment in June and July of 2014 – over

5

three years before Plaintiff filed this suit. *See* Medical Records [35], at 45-48, 63-66. In fact, the last time Plaintiff saw Defendant was in August 2015 – two years and 6 months before this suit was filed. *Id.* at 168-170. Therefore, Plaintiff's medical malpractice claim is barred by the applicable statute of limitations.

### III. CONCLUSION

For these reasons, the Court **grants** Defendant's Motion for Summary Judgment [34]. The Court will enter a Final Judgment consistent with this opinion.

SO ORDERED AND ADJUDGED this 1st day of February, 2019.

/s/ Keith Starrett<br>KEITH STARRETT<br>UNITED STATES DISTRICT JUDGE